UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-0852 GAF (JCx) | Date | May 29, 2007 |
|---|---|---|---|
| Title | Kara v. Lions Gate Entertainment, Inc., et al. | | |

| Present: The Honorable | GARY ALLEN FEESS | | |
|---|---|---|---|
| Marilynn Morris | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     (In Chambers)

### ORDER RE: MOTION TO DISMISS

## I. INTRODUCTION & BACKGROUND

In the late 1990s, Plaintiff Siddharth Kara began writing a novel entitled "The Last Sacrifice" to expose the pervasiveness of human trafficking and to "help liberate the millions of mostly impoverished children and adult slaves who fuel today's brothels, factories and farms." (First Amended Compl. ("FAC") ¶¶ 21-23.) In 2001, while writing his novel, he adapted portions of it to create a derivative screenplay entitled "Trafficking" and registered it with the Writers Guild of America in 2002. (Id. ¶ 24.) He later completed the novel in 2003 and obtained a copyright registration for it in February 2004. (Id. ¶¶ 23-24.)

In November 2002, he met Defendant Rosilyn Heller, the head of Defendant Dresden Drive Productions, Inc., at a dinner party, during which he spent approximately two hours telling Heller about the human trafficking issue. (Id. ¶ 25.) He described to Heller his screenplay, "Trafficking," and the novel he was then writing in the hopes of exposing human trafficking "to a large audience through a co-release of a motion picture and his novel." (Id. ¶ 26.) At the dinner party, Heller expressed interest in Plaintiff's projects and asked him to send her his screenplay. (Id. ¶ 27.) Heller told Plaintiff that she had contacts in the publishing world and would help him get his novel published when he finished it. (Id.) Thereafter, on November 25, 2002, "[a]t the Heller Defendants' special instance and request," Plaintiff sent them a copy of his screenplay "with the reasonable expectation – that was fully and clearly understood by the Heller Defendants – that Mr. Kara would be compensated for its use by the Heller Defendants when and if they should use it or its derivatives." (Id. ¶ 28.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0852 GAF (JCx) | Date | May 29, 2007 |
|---|---|---|---|
| Title | Kara v. Lions Gate Entertainment, Inc., et al. | | |

In March 2003, Heller confirmed to Plaintiff that she reviewed his screenplay and complimented him on his writing. (Id. ¶ 30.) In October 2003, "[a]t the Heller Defendants' special instance and request," Plaintiff sent them a copy of his novel, again "with the reasonable expectation – that was fully and clearly understood by the Heller Defendants – that Mr. Kara would be compensated for its use by the Heller Defendants when and if they should use it or its derivatives." (Id.)

Afterwards, Heller notified Plaintiff that she was involved in another project about human trafficking, but wished Plaintiff luck on his goals. (Id. ¶ 32.) In February 2004, Plaintiff discovered that the Heller Defendants were producing a film entitled "Trade" about human trafficking. (Id. ¶ 33.) "Trade" was screened at the Sundance Film Festival in January 2007 (id. ¶ 34), and is scheduled for public release in September 2007.

Now Defendants Heller and Dresden Drive Productions, Inc. (collectively the "Heller Defendants") move to dismiss the FAC's third cause of action for breach of implied contract on the ground that it is preempted by the Copyright Act. As explained in greater detail below, the motion is **DENIED**.

## II. DISCUSSION

### A. THE LEGAL STANDARD

A motion to dismiss a complaint tests the legal sufficiency of the claims asserted. Fed. R. Civ. P. 12(b)(6). A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). The Court accepts all factual allegations pleaded in the complaint as true in deciding a motion to dismiss for failure to state a claim; in addition, it construes those facts and draws all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

### B. ANALYSIS

The Heller Defendants contend that Plaintiff's breach of implied contract cause of action is preempted by the Copyright Act, 17 U.S.C. § 301. The Ninth Circuit employs a two-part test

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-0852 GAF (JCx) | Date | May 29, 2007 |
| Title | Kara v. Lions Gate Entertainment, Inc., et al. | | |

to determine whether the Copyright Act preempts a state law claim. Preemption occurs when (1) the work at issue comes within the subject matter of copyright; and (2) the rights granted under state law are equivalent to those protected by the Act. Del Madera Props. v. Rhodes & Gardner, Inc., 820 F.2d 973, 976 (9th Cir. 1987), overruled on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). To survive preemption, the complaint must allege an "extra element" that changes the nature of the action and makes the state claim "qualitatively different" from the rights protected by copyright. Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1143 (9th Cir. 2006) (citing Del Madera, 820 F.2d at 977).

Here, Plaintiff's breach of implied contract claim arises out of his allegation that he sent the Heller Defendants his screenplay and novel "with the reasonable expectation – that was fully and clearly understood by the Heller Defendants – that Mr. Kara would be compensated for [their] use by the Heller Defendants when and if they should use it or its derivatives." (Id. ¶¶ 28, 31.) Plaintiff contends that his claim is a properly stated claim for breach of implied contract under Desny v. Wilder, 46 Cal. 2d 715 (1956). In Desny, the California Supreme Court held that a contract exists where "the circumstances, together with the conduct of the offeree acting with knowledge of the circumstances, show a promise [to pay] of the type usually referred to as 'implied' or 'implied in fact.'" Id. at 738.

In Grosso v. Miramax Film Corp., 383 F.3d 965, 967 (9th Cir. 2004), the Ninth Circuit held that "[t]o establish a Desny claim for breach of implied-in-fact contract, the plaintiff must show that the plaintiff prepared the work, disclosed the work to the offeree for sale, and did so under circumstances from which it could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work." Id. (citing Faris v. Enberg, 97 Cal. App. 3d 309, 318 (Ct. App. 1979)). In Grosso, the plaintiff alleged that "'the idea was submitted by Plaintiff to Defendants with the understanding and expectation, fully and clearly understood by Defendants that Plaintiffs would be reasonably compensated for its use by Defendants.'" Id. The court concluded that these allegations properly stated a Desny claim for breach of implied-in-fact contract. Id. Moreover, the court concluded that the implied promise to pay required by Desny is the "extra element" that avoids preempting the breach of implied-in-fact contract claim. Id. at 968.

Plaintiff's allegations of the implied-in-fact contract here are virtually identical to the allegations in Grosso, as both allege that the works were submitted with the expectation and understanding of the Heller Defendants that Plaintiff would be compensated for the use of the works by Defendants. (See FAC ¶¶ 28, 31.) The Heller Defendants counter by contending that because Plaintiff's and Heller's meeting took place at a dinner party, the circumstances do not suggest that any implied-in-fact contract was formed. However, given that this is a Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 07-0852 GAF (JCx) | Date | May 29, 2007 |
| Title | Kara v. Lions Gate Entertainment, Inc., et al. | | |

12(b)(6) motion, and the Court must take all factual allegations as true and draw all reasonable inferences in favor of Plaintiff, it is entirely possible that Plaintiff and Heller came to an understanding, even at a social gathering, that Plaintiff disclosed his work to her for sale. Whether Plaintiff will be able to prove that such an implied agreement was made at trial is another question for another time. But Plaintiff pleads in the FAC that the Heller Defendants made the "special instance and request" to Plaintiff to submit his works to them with the reasonable expectation and understanding that Plaintiff would be compensated for the works' use by the Heller Defendants. (FAC ¶¶ 28, 31.) These allegations, under Desny and Grosso, are sufficient to state a Desny claim for breach of implied-in-fact contract.

The Heller Defendants also contend that Plaintiff fails to state a Desny claim because he blurted out his ideas to Heller at the dinner party before making a bargain with Heller, thereby precluding him from asserting a claim for breach of contract. In Desny, the court held that "[t]he idea man who blurts out his idea without having first made his bargain has no one but himself to blame for the loss of his bargaining power." Desny, 46 Cal. 2d at 739. While this principle is true, the FAC does not state facts suggesting that Plaintiff blurted out his ideas to Heller before making the implied contract. The FAC merely states that Plaintiff spoke with Heller about the pervasiveness of human trafficking in general for approximately two hours. (FAC ¶ 25.) It does not state that he "blurted out" the ideas within his works to Heller before making any type of bargain with her. From the facts alleged, it is reasonable to infer that Plaintiff made an implicit bargain with Heller prior to disclosing to Heller the actual *ideas* within his works.

Furthermore, the Heller Defendants argue that Plaintiff's breach of implied contract claim fails as a matter of law because any implied contract between the parties was of the "implied-in-law" variety that is preempted under the Copyright Act. The Heller Defendants cite Celestial Mechanix, Inc. v. Susquehanna Radio Corp., No. CV 03-5834-GHK, 2005 WL 4715213, at *6-8 (C.D. Cal. Apr. 28, 2005), in support of their argument. In that case, the plaintiff alleged that the defendant requested plaintiff to send a script of a proposed television commercial for defendant's morning radio show. Id. at *7. Plaintiff submitted the script with the expectation that it would be compensated and attributed credit and would retain all syndication rights. Id. The court concluded that because the parties did not reach an agreement with regard to payment and there was no meeting of the minds in this respect, plaintiff had failed to plead a claim for breach of implied-in-fact contract. Id. at *8. Rather, his claim was for breach of implied-in-law contract, which requires no "extra element" in addition to the defendant's unauthorized use of the work, and thus was preempted by the Copyright Act. Id. at *7-8. However, the Court finds the reasoning of Celestial Mechanix unpersuasive because it squarely contradicts Desny and Grosso, which held that if the parties had the expectation and understanding that plaintiff would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 07-0852 GAF (JCx) | Date   May 29, 2007 |
| Title | Kara v. Lions Gate Entertainment, Inc., et al. | |

be compensated if defendant used plaintiff's submitted work, then these allegations stated a claim for breach of implied-in-fact contract. Moreover, Celestial Mechanix fails to mention any reference to Desny and Grosso, which is controlling Ninth Circuit authority.[1] Furthermore, Defendants contend that because Desny was written in 1956, well before the enactment of the Copyright Act in 1976, its reasoning no longer applies. However, Grosso, a 2004 case, clearly incorporated and adopted the reasoning of Desny, which refutes Defendants' argument that it is inapplicable here. Thus, for these reasons, the Court declines to follow Celestial Mechanix and concludes that Plaintiff states a Desny claim for breach of implied-in-fact contract.

Having concluded that Plaintiff has stated a Desny claim, the Court next considers whether this claim is preempted by the Copyright Act. First, it is undisputed that the works at issue – Plaintiff's novel and screenplay – come within the subject matter of copyright, satisfying the first element for preemption. However, the second element for preemption fails because Plaintiff's breach of implied-in-fact contract claim states the "extra element" that makes it "qualitatively different" from the copyright rights and avoids preemption. See Grosso, 383 F.3d at 968. Thus, the claim is not preempted by the Copyright Act and survives the motion to dismiss.

The Court notes that the fact that Plaintiff states a claim for breach of implied contract at the pleading stage does not mean he will be able to prove this claim at trial. Further discovery could reveal that there was no understanding or expectation that Plaintiff was to disclose his work for sale to Defendants, and thus Plaintiff would be unable to establish a claim for breach of implied contract. But at this stage of the litigation, Plaintiff has stated sufficient facts to withstand the motion to dismiss and to proceed with his case.

### III. CONCLUSION

For the foregoing reasons, the motion is **DENIED**. The hearing scheduled for Monday, June 4, 2007 is hereby **VACATED**. Fed. R. Civ. P. 78; Local Rule 7-15.

IT IS SO ORDERED.

---

[1] Celestial Mechanix was originally published in 73 U.S.P.Q. 2d 1300 on March 17, 2004, predating the Grosso decision, which was published on September 8, 2004. However, the original Celestial Mechanix was amended and superseded on April 28, 2005, which is the operative opinion. The amended opinion did not change the breach of implied contract preemption analysis, and thus seems to have ignored the intervening Grosso precedent.